b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LEEERIC TYRONE BESS, Plaintiff | CIVIL DOCKET NO. 3:20-CV-00653 |
| VERSUS | JUDGE DOUGHTY |
| STATE FARM INSURANCE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are unopposed Motions to Dismiss filed by Defendant Douglas K. Wheeler ("Wheeler") (ECF No. 6), and Defendants State Farm Fire and Casualty Company ("State Farm"), Chris A. Pool ("Pool"), and Paul J. Lehmann ("Lehmann") (COLLECTIVELY, "Defendants") (ECF No. 10). Because this Court lacks subject matter jurisdiction, Defendants' unopposed Motions to Dismiss (ECF Nos. 6, 10) should be GRANTED.

I. Background

Plaintiff Leeeric Tyrone Bess ("Bess") filed his initial Complaint against Defendants in this Court. Bess asserts federal jurisdiction pursuant to both a federal question and diversity of citizenship. ECF No. 1.

Bess contends that he is a Louisiana citizen; that State Farm is a citizen of Arizona; and that Wheeler is a Louisiana citizen. ECF No. 1. Bess contends Defendants did not attempt in good faither to settle "claim number 18-02C7-65K" (the "Claim"). The Claim arose from a purported burglary that occurred at 75

Langford Drive in Monroe, Louisiana[1] on May 29, 2019. ECF No. 1. Bess seeks damages for breach of contract, bad faith, and punitive damages, pursuant to La. R.S. 22:1892 and 1973, and La. C.C. art. 1986.

Wheeler argues that diversity does not exist, and that Bess's complaint does not state any facts establishing federal question jurisdiction. ECF No. 6. State Farm, Pool and Lehman argue the same, but also maintain that Bess failed to effect service on Pool and Lehman, and failed to otherwise state a viable claim. ECF No. 10.

Bess has not opposed Defendants' motions.

## II. Law and Analysis

Bess pleads that he is a citizen of Louisiana. ECF No. 1. However, both Bess and Wheeler aver that Wheeler is a citizen of Louisiana. ECF Nos. 1, 6.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution or federal legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. *See Coury*, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

---

[1] This is the residential address given by Bess in his complaint. ECF No. 1.

In cases where there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 554 (2005); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996); *Heritage Bank v. Redcom Laboratories, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001), cert. den., 534 U.S. 997 (2001).

In this case, Bess does not cite a federal statute at issue. Instead, Bess consistently, and exclusively, cites Louisiana contract and insurance law. And the Court cannot reasonably interpret any of Bess's allegations as invoking a federal statute. Federal question jurisdiction is absent from the Complaint. And with Wheeler's status as a Louisiana citizen uncontested, there is no complete diversity among the parties and thus, no diversity jurisdiction either.

Therefore, the Court lacks subject matter jurisdiction. The Court need not reach the issue of service or adequate pleadings.

### III. Conclusion

Because the Court lacks subject matter jurisdiction;

IT IS RECOMMENDED that Defendants' Motions to Dismiss for lack of subject matter jurisdiction (ECF Nos. 6, 10) be GRANTED, and that Bess's claims be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, February 18, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge